680 F.2d 588
 Nancy YAMASAKI, Benito Molina, Lydia T. Armitage, Julia
Kualani and Kurt Von Forstmeyer, etc., et al.,
Plaintiffs-Appellees,
v.
Richard S. SCHWEIKER, Individually and in his capacity as
Secretary, United States Department of Health and Human
Services, and Edward H. Ichiyama, Individually and in his
capacity as Pacific Area Manager, etc., Defendants-Appellants.
 No. 81-4220.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 20, 1982.
Decided June 28, 1982.
 
 A. George Lowe, Baltimore, Md., argued, for defendants-appellants; Wallace W. Weatherwax, Honolulu, Hawaii, on brief.
 Stanley E. Levin, Honolulu, Hawaii, argued, for plaintiffs-appellees; Patricia A. McMemanran, Honolulu, Hawaii, on brief.
 Appeal from the United States District Court for the District of Hawaii.
 Before SCHROEDER, NELSON and BOOCHEVER, Circuit Judges.
 PER CURIAM:
 
 
 1
 For the third time we consider this case which has been to the Supreme Court twice in its ten-year procedural odyssey. The Secretary of Health and Human Services appeals the district court's determination that a social security benefits recipient who has requested a waiver of recoupment of a benefit overpayment is automatically entitled to a pre-recoupment hearing after paper review of the waiver request is unfavorable. Because the Secretary's contention, that an additional request is necessary after the unfavorable review in order for the recipient to be entitled to a pre-recoupment hearing, is inconsistent with the Supreme Court's prior decision in the case, see Califano v. Yamasaki, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), we affirm.
 
 
 2
 Section 204(a)(1) of the Social Security Act, 42 U.S.C. § 404(a)(1), authorizes recovery of overpayments made to a beneficiary under a Public Health and Welfare program. The Secretary may recoup an overpayment by making deductions from future payments to which the recipient is entitled. Such recoupment is not permitted, however, from "any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. § 404(b). The Secretary has promulgated regulations defining the terms used in the statutory restriction on recoupment. See generally 20 C.F.R. 404.501-.515 (1981).
 
 
 3
 The Supreme Court construed the recoupment statute in Califano v. Yamasaki as requiring "an opportunity for a pre-recoupment oral hearing ... when a recipient requests waiver under § 204(b)." 442 U.S. at 697, 99 S.Ct. at 2555. The Court stated:
 
 
 4
 As the Secretary's regulations make clear, "fault" depends on an evaluation of "all pertinent circumstances" including the recipient's "intelligence ... and physical and mental condition" as well as his good faith. 20 CFR § 404.507 (1978). We do not see how these can be evaluated absent personal contact between the recipient and the person who decides his case. Evaluating fault, like judging detrimental reliance, usually requires an assessment of the recipient's credibility, and written submissions are a particularly inappropriate way to distinguish a genuine hard luck story from a fabricated tall tale. See Goldberg v. Kelly, 397 U.S. (254) at 269 (90 S.Ct. 1011 at 1021, 25 L.Ed.2d 287).
 
 
 5
 Id. 442 U.S. at 696-97, 99 S.Ct. at 2555.
 
 
 6
 The Secretary seizes upon the Court's use of the term "opportunity" for a pre-recoupment hearing as justifying a requirement that the recipient clear the further administrative hurdle of filing a specific request for a hearing after the previous request for waiver of recoupment has been determined adversely on the basis of the written record. The Supreme Court, however, did not refer to an opportunity to "request" a hearing as opposed to the opportunity to be furnished a hearing. The tenor of the opinion leads inescapably to the construction that a hearing is required before commencing recoupment against a recipient who seeks a waiver. In disapproving the prior procedure, the Court stated
 
 
 7
 If the regional office decision goes against the recipient, recoupment begins. The recipient's monthly benefits are reduced or terminated until the overpayment has been recouped. Only if the recipient continues to object is he given an opportunity to present his story in person to someone with authority to decide his case.
 
 
 8
 Id. at 686-87, 99 S.Ct. 2550 (footnote omitted).
 
 
 9
 The Secretary insists that the recipient "continue to object" in order to receive the judicially mandated hearing. We hold that the hearing is not an option to be offered by the Secretary. The Supreme Court has clearly indicated that the Secretary cannot discharge his statutory duty to make accurate evaluations of waiver requests without tendering oral hearings.
 
 
 10
 Little discussion is necessary to dispose of the Secretary's additional arguments. Evidence of the financial burden involved in furnishing hearings was presented to the Supreme Court and may not now be reconsidered. The Secretary's argument that the district court should have deferred to the Secretary's judgment concerning proper procedures is likewise meritless in view of the prior decisions of this court and the Supreme Court requiring oral hearings.[1]
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The Secretary also makes a confusing argument that the recipients are barred by res judicata because the recipients did not appeal or cross appeal the earlier 1974 judgment. The decisions of this court and the Supreme Court require the hearings, and it is the Secretary who seeks to relitigate the issue. The district court reserved jurisdiction in its 1974 order and in its subsequent orders to amend the judgment. It was therefore free to make changes even though the recipients did not appeal or cross appeal